UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. CV 09-04979 MMM (Ex) | Date September 24, 2009 |

Title  *Elaine E. Scott v. United States of America*

Present: The Honorable  MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order Vacating Hearing and Scheduling Conference and Granting Defendant's Motion to Dismiss**

On May 6, 2009, *pro se* plaintiff Elaine E. Scott filed a complaint in the Small Claims Division of the San Luis Obispo Superior Court. Defendant Kerri Nunez dba Nipomo Dental Practice removed the action to this court on July 10, 2009. On July 14, 2009, the United States filed a notice substituting itself for Nunez as defendant on July 14, 2009. Thereafter, on July 22, 2009, it moved to dismiss plaintiff's complaint under Rules 12(b)(1) and (12)(b)(6) of the Federal Rules of Civil Procedure. Defendant's motion is currently set for hearing on Monday, September 28, 2009 at 10:00 a.m. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds this matter appropriate for decision without oral argument. The hearing scheduled for September 28, 2009 is therefore vacated and taken off calendar. In addition, the court vacates the scheduling conference set for September 28, 2009.

After defendant filed its motion, the court issued a minute order providing plaintiff with information about the standards governing motions to dismiss and directing plaintiff to file opposition to the motion by August 14, 2009. Plaintiff failed to do so, and, on August 20, 2009, defendant filed a Notice of Non-Receipt of Opposition. Although the court could deem Scott's failure to file opposition consent to the granting of the motion, it nonetheless reviews the merits of defendant's motion below.[1]

---

[1]Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." CA CD L.R.

Defendant contends, and Scott does not dispute, that her tort claim for medical negligence is precluded by the Federal Tort Claims Act ("FTCA"). Section 2675(a) of the FTCA provides that no tort action may be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and her claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 110 (1993). This requirement is jurisdictional, and may not be waived. *Id.*; *Cadwalder v. United States*, 45 F.3d 297, 299 (9th Cir. 1995); *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). Scott does not allege that she complied with § 2675(a) by submitting a claim to the Department of Health and Human Services or any other agency. Nor did she file opposition to defendant's motion demonstrating compliance with the FTCA's exhaustion requirement.

Defendants, by contrast, have submitted the declaration of Meredith Torres, an attorney with the Department of Health and Human Services. Torres states that she caused a search of a computerized database that constitutes the official record of administrative tort claims filed with the Department, and reports that the search revealed no record of an administrative tort claim filed by Scott or her authorized representative. Torres represents that if a claim had been properly submitted to the Department. there would be a record of it in the database.[2]

The court thus takes judicial notice of the fact that no claim has been filed as a matter of public record.[3] As a result, it finds that amendment of the claim would be futile. See, e.g., *Kendall v. Visa*

---

7-12. Because Scott failed to oppose the motion, the court could grant the motion on this basis alone. See *Cortez v. Hubbard*, No. CV 07-4556-GHK (MAN), 2008 WL 2156733, *1 (C.D. Cal. May 18, 2008) ("Petitioner has not filed an [o]pposition to the [m]otion and has not requested any further extension of time to do so. Pursuant to Local Rule 7-12, his failure to do so could be deemed to be consent to a grant of the [m]otion"); *Mack-University LLC v. Halstead*, No. SA CV 07-393 DOC (ANx), 2007 WL 4458823, *4 n. 4 (C.D. Cal. Sept. 25, 2007) (where a party "failed to oppose or in any way respond" to a motion, the court held that "[p]ursuant to local Rule 7-12, the [c]ourt could grant [p]laintiffs' [m]otion on this ground alone"); *Ferrin v. Bias*, No. ED CV 02-535 RT (SGLx), 2003 WL 25588274, *1 n. 1 (C.D. Cal. Jan. 2, 2003) ("Under Local Rule 7-12, failure to file an opposition may be deemed consent to the granting of the motion").

[2]Declaration of Meredith Torres in Support of Motion to Dismiss, Docket No. 11 (July 24, 2009), ¶¶ 2-3.

[3]A district court may "'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss." *Mir v. Little Company of Mary Hospital*, 844 F.2d 646, 649 (9th Cir. 1988) (quoting *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)); see also *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (explaining that a court may judicially notice matters of public record unless the matter is a fact subject to reasonable dispute). The contents of the records of an administrative agency are records that fall within this rule. See, e.g., *Kottle v. N.W. Kidney Ctrs.*, 146 F.3d 1056, 1064 n. 7 (9th Cir.1998) (holding that it was proper to take judicial notice of state health department records); *Oregon Ass'n*

*U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment"); *California ex rel. California Department of Toxic Substances Control v. Neville Chemical Co.*, 358 F.3d 661, 673 (9th Cir. 2004) ("[D]enial of leave to amend is appropriate if the amendment would be futile," citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

      Because Scott's claim is barred for failure to exhaust administrative remedies, her claim must be dismissed without prejudice and without leave to amend for lack of jurisdiction.

---

*of Homes for the Aging, Inc. v. Oregon*, 5 F.3d 1239, 1243 n. 2 (9th Cir. 1993) (taking judicial notice of the records of the Health Care Financing Administration); .*Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986) (stating that a court may take judicial notice of records and reports of state administrative bodies), overruled on other grounds in *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).